UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT LAPOINTE**, | * | |
| Plaintiff, | * | Civil Action No.: |
| | * | |
| | * | District Judge: |
| V. | * | Magistrate: |
| | * | |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| Defendant. | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.

Plaintiff **ROBERT LAPOINTE**, a resident of the State of Texas, files this Complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, for personal injuries and property damage caused by the negligence of officers/employees of the United States.

## PARTIES

2.

**ROBERT LAPOINTE**, resident of Texas, plaintiff.

3.

**UNITED STATES OF AMERICA**, defendant.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction under 28 USC § 1346(b).

5.

Venue is proper in this Court under 28 U.S.C. § 1402(b) because the act or omission at issue occurred in the Southern District of Texas, specifically in Harris County.

**CONDITIONS PRECEDENT**

6.

Plaintiff timely presented his claim in writing to the United States. Plaintiff submitted an SF-95 to the United States, which the United States received. The United States has not yet made a determination as to the plaintiff's claim. However, as more than six months have passed since the claim was presented, suit is authorized under 28 USC §§ 2675(a) and 2401, as the plaintiff exercises his option of deeming the government's inaction a final denial.

**FACTS**

7.

On or about January 19, 2022, at approximately 3:18 p.m., a motor vehicle collision occurred at the intersection of Kuykendahl Road and Timberwilde Drive in Harris County, Texas. At that time, Plaintiff Robert Lapointe was operating his 2017 Ford F350 Super Duty northbound on Kuykendahl Road, proceeding in a lawful manner. Defendant's employee, Darryl N. Coleman, was operating a United States Postal Service vehicle westbound on Timberwilde Drive and had stopped at a stop sign at the intersection of Kuykendahl Road and Timberwilde Drive. Darryl N. Coleman failed to yield the right of way to Plaintiff's vehicle and entered the intersection, causing Plaintiff's vehicle to collide with the USPS vehicle operated by Coleman. The collision caused personal injury and property damage to Plaintiff. Darryl N. Coleman was, at all relevant times, an employee of the United States Postal Service, acting in the course and scope of his employment

with the United States. Darryl N. Coleman was issued a citation for Failure to Yield Right of Way (Citation No. C4-WW20114490) by the Harris County Constable Precinct 4.

8.

The accident caused personal injury to the plaintiff.

## COUNT 1- FEDERAL TORT CLAIMS ACT

9.

The acts and omissions of Darryl N. Coleman were negligent. Darryl N. Coleman was an employee of Defendant and was acting within the course and scope of his office or employment. He had a duty to exercise ordinary care and operate the motor vehicle reasonably and prudently. Under Texas law, a private person would be liable to Plaintiff for these acts or omissions. Under 28 U.S.C. § 1346(b), the United States is liable to Plaintiff for his property damage and personal injuries described below.

10.

Specifically, Darryl N. Coleman was negligent in the following respects:

a. Failing to yield the right of way to Plaintiff's vehicle;

b. Failing to keep a proper lookout;

c. Failing to take proper evasive action to avoid the collision;

d. Operating a motor vehicle in a careless and negligent manner; and

e. Such other acts of negligence as may be shown at trial.

Each of the foregoing acts or omissions, singularly or in combination, was a proximate cause of the collision and Plaintiff's resulting injuries and damages.

## **DAMAGES**

11.

As a direct and proximate result of defendant's negligence, plaintiff suffered the following injuries and damages:

    a.      physical pain and mental anguish in the past and future;

    b.      medical expenses in the past and future;

    c.      lost wages in the past and future;

    d.      physical impairment in the past and future;

    e.      general damages;

    f.      loss of consortium in the past and future;

    g.      property damage

    h.      loss of use of the Plaintiff's vehicle; and

    i.      all damages allowed by law.

## **PRAYER**

12.

For these reasons, Plaintiff asks for judgment against defendant for $252,243.13 as actual damages for the following;

    a.      Past and future lost wages;

    b.      Past and future medical expenses;

    c.      Past and future loss of consortium;

    d.      Past and future loss of enjoyment of life;

    e.      Past and future general damages;

f.       $2,243.13 property damage;

g.       General damages;

h.       All other forms of damages allowed by law;

i.       costs of suit;

j.       post-judgment interest; and

k.       all other relief the court deems appropriate.

Plaintiff further prays for all general and equitable relief.

Respectfully submitted,

**The McLearen Law Firm, PLLC**

BY:_____

**Garrett J. McLearen**
Bar Number: 24090258
10228 E. Northwest Hwy #1140
Dallas, Texas 75238
Email: Garrett@mclearenlaw.com
Phone: 945-236-9223
Fax: 469-945-6496
**ATTORNEY FOR PLAINTIFF**